RECEIVED

IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

AUG 2 7 2007

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

R M a minor, by and )
through, her mother and next friend, )
MARY HOOTEN, )
)
        Plaintiffs, )
)
v. )
)
BRENT G. HAMPTON, an individual, )
CANNONBALL EXPRESS )
TRANSPORTATION, L.L.C., )
a corporation doing business in )
Alabama, SAGAMORE INSURANCE )
COMPANY, a corporation doing )
business in Alabama, )
)
        Defendants. )

Civil Action No. 2.07-CV-763-MHT

Removed from the Pike County
Circuit Court - CV 2007-900054

---

## NOTICE OF REMOVAL

---

COME NOW Brent G. Hampton and Cannonball Express Transportation, L.L.C.

("Cannonball Express"), two of the named Defendants in the above-styled matter, and file their

Notice of Removal and show unto the Court as follows:

        1.    Plaintiff filed this action in the Circuit Court of Pike County, Alabama, on or about

July 31, 2007, as Civil Action No.: CV-2007-900054. The Plaintiff's claims are based on a

vehicular accident, during which the Plaintiff's vehicle was allegedly struck by a vehicle being

operated by Defendant Brent G. Hampton and owned by Defendant Cannonball Express

Transportation, L.L.C. The Plaintiff's Complaint contains the following averments in regard to

the damages she allegedly suffered:

        a.    She suffered serious and painful personal injuries resulting
              in past and future physical pain, and;

        b.    She has incurred medical bills and is likely to incur furture
              medical bills in an undetermined amount, and she has
              incurred travel expenses for trips to and from her doctors,

and;

    c.    She sustained permanent impairment and permanent injury to her body from which she will suffer the rest of her life, and;

    d.    She sustained a loss of enjoyment of life, and;

    e.    She sustained past and future lost wages and loss of earning capacity, and;

    f.    Such other damages as the Plaintiff, R M, may have sustained which were directly and proximately caused by the collision and negligence above described.

[Plaintiff's Complaint, a copy of which is attached hereto as, "Exhibit 1," ¶ 9]. Further, the

Plaintiff seeks:

[D]amages awardable. . . for past and future medical expenses, for past and future travel expenses, for past and future lost wages and lost earning capacity, and past and future loss of enjoyment of life, all in an amount which will adequately compensate the Plaitniff for those damages as determined at trial, but in any event not less than the minimum jurisdictional limits of [the Circuit Court of Pike County].

[Ex. 1, ¶ 16].

The Plaintiff's Complaint also claims that Defendant Sagamore Insurance Company

may be liable for  uninsured/underinsured motorist coverage associated with the subject

accident.  Notably, Defendant Cannonball Express is a commercial motor carrier that must

maintain a minimum level of insurance coverage in accordance with the Federal Motor Carrier

Safety Regulations (FMCSRs).  *See* 49 C.F.R. §387.9, *Minimum Levels of Financial*

*Responsibility for Motor Carriers*.  Commercial Motor Carriers such as Defendant Cannonball

Express are required to maintain at least $750,000 in primary insurance coverage in

accordance with the FMCSRs.  *Id*.  Accordingly, the Plaintiff's claims against Defendant

Sagamore Insurance Company, which has no liability exposure unless and until the Plaintiff

recovers at least $750,000, demonstrate that the amount in controversy exceeds the

jurisdictional threshold of Seventy-Five Thousand Dollars ($75,000.00).  The documents

attached hereto as "Exhibit 2" constitute the entire court file for the civil action in the Circuit

Court of Pike County, Alabama.

      2.      Defendant files this notice of removal with the Court pursuant to 28 U.S.C. §§ 1441 and 1446 and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This Notice of Removal is timely filed because it is submitted within thirty (30) days from the day Defendant Cannonball Express was served with the Plaintiff's Complaint, which serves as the document "from which it may first be ascertained that the case is one which is or has become removable." Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

      3.      Pursuant to 28 U.S.C. § 1446(d), Defendant shows that a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Pike County, Alabama. Further, Defendant represents to the Court that a copy of this Notice of Removal is also being served upon Counsel for Plaintiff.

      4.      Complete diversity exists between the parties named and served in this action. Plaintiff R M is a minor residing with her mother, Mary Hooten, in Pike County, Alabama. Defendant Brent Hampton is an adult resident of the State of Illinois. Defendant Cannonball Express Transportation, L.L.C. is a foreign limited liability company organized and existing under the laws of the State of Nebraska, and its principal place of business is in Omaha, Nebraska. [Affidavit of Bruce Meyers, a copy of which is attached hereto as, "Exhibit 3"]. Thus, Cannonball Express is not a citizen of the State of Alabama, but is a citizen of the State of Nebraska for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Defendant Sagamore Insurance Company is a foreign corporation organized and existing under the laws of the State of Indiana, and its principal place of business is located Indianapolis, Indiana. [Indiana Secretary Of State's Corporate Record, a copy of which is attached hereto as , "Exhibit 4"]. thereby completing jurisdictional diversity citizenship between all Parties. Counsel for Defendant Sagamore Insurance Company consents to removal and verified the corporate status of Sagamore. Accordingly,

diversity jurisdiction is complete. Without waiver of any defenses or objections, including but not limited to, improper service of process, venue, and lack of personal jurisdiction, Defendant submits this Notice of Removal.

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and this action is between citizens of different states. Although Plaintiff's Complaint does not specifically plead an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), Defendant avers that the amount in controversy exceeds the sum or value of Seventy-Five Thousand dollars ($75,000.00) exclusive of interest and costs, as evidenced by the scope of the injuries allegedly suffered by the Plaintiff and the nature of the claims filed against Defendant Sagamore Insurance Company.

6. Under Alabama law, a successful claim asserting wantonness entitles a plaintiff to the possible receipt of punitive damages. Furthermore, "there is no fixed standard for the ascertainment of compensatory damages for mental anguish. A determination of how much to award is left up to the sound discretion of the jury, subject only to the correction of the court for clear abuse or passionate exercise." Duck Head Apparel Co., Inc., v. Hoots, 659 So. 2d 897 (Ala. 1995), see also, Alabama Power Co. v. Harmon, 483 So. 2d 386 (Ala. 1986).

7. In addition, the Alabama Court of Civil Appeals stated that:

> We are aware that the law in Alabama states that the amount of damages for physical injury and pain and suffering must be left largely to the sound discretion of the jury. . . Furthermore, we recognize the rule that in cases in which pain and suffering are at issue no absolute standard exists by which adequacy of damages awarded can be measured.

Merritt v. Roberts, 481 So. 2d 909 (Ala. Civ. App. 1985), see also, Pierce v. Strickland Paper Co., 653 So. 2d 306 (Ala. Civ. App. 1994) ("Trial court erred when it increased the damages for pain and suffering, because it had no fixed and exact standard by which to measure those damages"); and Jones v. Butts, 646 So. 2d 104 (Ala. Civ. App. 1994).

8.    Based upon the Plaintiff's Complaint, the damages sought therein, the nature of the claims filed against Defendant Sagamore Insurance Company and applicable Alabama law governing damages for wanton conduct, mental anguish and physical pain and suffering, the Defendants aver that the amount in controversy in this matter exceeds the Seventy-Five Thousand Dollars ($75,000.00) threshold required for jurisdiction in this Court.

9.    There are fictitious party defendants designated in the Complaint.  However, the only named Defendants are listed above and there is complete diversity of citizenship between the Plaintiff and the named Defendants.  In that regard, 28 U.S.C. § 1441(a) provides that "for purposes of removal under this Chapter, the citizenship of defendants sued under fictitious name shall be disregarded."

WHEREFORE, Defendant gives notice that the above-action now pending against it in the Circuit Court of Pike County, Alabama is removed therefrom to this Court.

_____

Brett A. Ross (ASB-6771-O76B)
Chad S. Godwin (ASB-1054-A56G)

Attorneys for Defendants Cannonball Express and
Brent G. Hampton

**OF COUNSEL:**

**CARR, ALLISON, PUGH, HOWARD,**
        **OLIVER & SISSON, P.C.**
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-2057 ( Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on the following via U.S. mail, postage prepaid and properly addressed on this the 24th day of August, 2007.

A. Patrick Ray, III
Goldberg & Associates, P.C.
505 North 20th Street
325 Financial Center
Birmingham, Alabama 35203

J. Lenn Ryals
Slaten & O'Connor, P.C.
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

_____
OF COUNSEL

# EXHIBIT 1


ELECTRONICALLY FILED
6/11/2007 4:52 PM
CV-2007-900054.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| R. M. a minor, by and through,<br>her mother and next friend, MARY HOOTEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRENT G. HAMPTON, an individual,<br>CANNONBALL EXPRESS<br>TRANSPORTATION, L.L.C.,<br>a corporation doing business in Alabama,<br>SAGAMORE INSURANCE COMPANY,<br>a corporation doing business in Alabama,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)Civil Action Number<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Fictitious Defendants A and B, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations who is or are the legal owner and/or operator of the vehicle who caused the Plaintiff's injuries complained of herein;

Fictitious Defendants C and D, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations, for whose benefit the Defendant, Brent G. Hampton, was acting on the occasion made the basis of this lawsuit and whose negligence and/or wanton conduct caused the Plaintiff's injuries complained of herein;

Fictitious Defendants E and F, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations responsible for the state of repair of the vehicle driven by Defendant, Brent G. Hampton, on the occasion made the basis of this lawsuit and whose negligence and/or conduct caused the Plaintiff's injuries complained of herein;

Fictitious Defendants G and H, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations who negligently entrusted Defendant, Brent G. Hampton, with possession of the vehicle on the occasion described in the Complaint, causing the Plaintiff's injuries complained of herein;

Fictitious Defendants I and J, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations who negligently and/or wantonly caused, contributed to cause, allowed and/or failed to prevent that accident to occur on the date complained of herein, causing the Plaintiff's injuries complained of herein;

The identities of the above named Fictitious Defendants are unknown at this time but will be added by amendment when ascertained,

## COMPLAINT

1.  Plaintiff, R.    M    is a minor residing with her mother, Mary Hooten, in Pike County, Alabama.

2.  Defendant, Brent G. Hampton, is an adult residing in the State of Illinois.

3.  Defendant, Cannonball Express Transportation, L.L.C., is a corporation doing business in Pike County, Alabama.

4.  Defendant, Sagamore Insurance Company, is a corporation doing business in Pike County, Alabama.

5.  Plaintiff is without sufficient information, knowledge and belief to state the true and proper identities of the fictitious Defendants named in the style of this Complaint, but will aver same when ascertained.

6.    Plaintiff avers that on or about **June 15, 2005**, the Plaintiff, Ra

Ma     , was operating her vehicle on a public roadway, to wit:  U.S.

Highway 231 in Pike County, Alabama.  At about 1115 hours on said

date, Defendant, Brent G. Hampton, so negligently and/or wantonly

operated his vehicle as to collide with the vehicle operated by Plaintiff,

Radrica Maddox.

7.    Plaintiff further avers that at said time and date, Defendant, Cannonball

Express Transportation, L.L.C., negligently entrusted the possession

and operation of its vehicle to Defendant, Brent G. Hampton.

8.    Plaintiff further avers that Defendant, Brent G. Hampton, was acting in

the line and scope of his employment with Defendant, Cannonball

Express Transportation, L.L.C., and thus Defendant, Cannonball

Express Transportation, L.L.C., is responsible for the actions of

Defendant, Brent G. Hampton, under the doctrine of respondeat

superior.

9.    As a direct and/or proximate consequence of the aforesaid negligence

and/or wantonness of Defendant, Brent G. Hampton, and of

Defendant, Cannonball Express Transportation, L.L.C., the Plaintiff,

Ra     Ma      was damaged as follows:

a. she suffered serious and painful personal injuries resulting in past and future physical pain and mental suffering, and;

b. She has incurred medical bills and is likely to incur future medical bills in an undetermined amount, and she has incurred travel expenses for trips to and from her doctors, and;

c. She sustained permanent impairment and permanent injury to her body from which she will suffer the rest of her life, and;

d. She sustained a loss of enjoyment of life, and;

e. She sustained past and future lost wages and loss of earning capacity, and;

f. Such other damages as the Plaintiff, R___ M___ may have sustained which were directly and proximately caused by the collision and negligence above described.

10.    Plaintiff, R___ Ma___ avers that Fictitious Defendants A and B are the owners and/or operators of the vehicle which collided with the vehicle and person of Plaintiff, R___ M___, and whose negligence and/or wantonness caused the injuries complained of to happen to Plaintiff.

11.    Plaintiff, R___ M___, avers that Fictitious Defendants C and D were responsible and/or liable for the Plaintiff's damages set forth herein under the theory of respondeat superior.

12.    Plaintiff, R_____ M_____, avers that Fictitious Defendants E and F were responsible for the state of repair of the vehicle operated by Defendant, Brent G. Hampton, which caused the Plaintiff's damages set forth herein through negligence, wantonness, and/or breach of contract.

13.    Plaintiff, R_____ M_____, avers that Fictitious Defendants G and H negligently entrusted Defendant, Brent G. Hampton, with the possession and operation of the vehicle operated by Defendant, Brent G. Hampton, on the occasion described in this Complaint and are liable for the Plaintiff's damages set forth herein.

14.    Plaintiff, R_____ M_____, avers that Fictitious Defendants I and J caused, contributed to cause, and/or allowed the accident to occur on the date complained of herein, causing the Plaintiff's injuries complained of herein.

15.    The Plaintiff, R_____ M_____, avers that on the date complained of herein, there was in full force and effect a policy and/or policies of insurance with Defendant, Sagamore Insurance Company, which afforded to the Plaintiff uninsured/underinsured motorist coverage, which in turn inured benefits to the Plaintiff, who avers that she was

injured in this accident and therefore by contract is entitled to receive said benefits in accordance with said contract of insurance and for which a separate claim is hereby stated.

16.  WHEREFORE, PREMISES CONSIDERED, Plaintiff, R    M⌐    . .
prays the Court that she have and recover judgment against the Defendant as follows:

a.  For damages awardable to the Plaintiff, R    . . .⌐.    . ⌐. for past and future medical expenses, for past and future travel expenses, for past and future lost wages and lost earning capacity, and past and future loss of enjoyment of life, all in an amount which will adequately compensate the Plaintiff for those damages as determined at trial, but in any event not less than the minimum jurisdictional limits of this Court, and;

b.  That proper process issue and be served upon Defendant and that the Defendant be required to appear and answer this Complaint, and;

c.  For interest and the costs of this actions, and;

d.  For a jury of 12 persons to try this cause, and;

e.  For such other and further relief as to the Court may be just and proper.

# Plaintiff Demands Trial By Struck Jury

s/A. Patrick Ray, III

_____

A . Patrick Ray, III (RAY 019)

Goldberg & Associates, P.C.
505 North 20th Street
325 Financial Center
Birmingham, AL  35203
(205) 322-4700

Plaintiff's Address:

R.       M.
117 Northridge Lane
Troy, AL  36079

Defendants' Addresses

Brent G. Hampton
8817 S. Merrill Avenue
Chicago, IL  60617

Cannonball Express Transportation, L.L.C.
Paul J. Gardner, Agent
260 Regency Parkway, Ste. 200
Omaha, Nebraska  68114

Sagamore Insurance Company
Charles Carr, Agent
6251 Monroe Street, Ste. 200
Daphne, AL  36526

**Please serve the Discovery Requests with the Summons and Complaint.**

# EXHIBIT 2

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**55-CV-2007 900054.00**<br>Date of Filing:<br>06/11/2007 | ELECTRONICALLY FILED<br>6/11/2007 4:52 PM<br>CV-2007-900054.00<br>CIRCUIT COURT OF<br>PIKE COUNTY, ALABAMA<br>BRENDA PEACOCK, CLERK |

## GENERAL INFORMATION

**IN THE CIRCUIT OF PIKE COUNTY, ALABAMA**

R. M. **v. BRENT HAMPTON ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  
☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  
☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT   _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

| **ATTORNEY CODE:** RAY019 | 6/11/2007 4:51:31 PM | /s ALFRED RAY |

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided

ELECTRONICALLY FILED
6/11/2007 4:52 PM
CV-2007-900054.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

### IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

|  |  |
|---|---|
| R.    M.    , a minor, by and through, her mother and next friend, MARY HOOTEN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action Number ) |
| BRENT G. HAMPTON, an individual, CANNONBALL EXPRESS TRANSPORTATION, L.L.C., a corporation doing business in Alabama, SAGAMORE INSURANCE COMPANY, a corporation doing business in Alabama, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Fictitious Defendants A and B, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations who is or are the legal owner and/or operator of the vehicle who caused the Plaintiff's injuries complained of herein;

Fictitious Defendants C and D, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations, for whose benefit the Defendant, Brent G. Hampton, was acting on the occasion made the basis of this lawsuit and whose negligence and/or wanton conduct caused the Plaintiff's injuries complained of herein;

Fictitious Defendants E and F, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations responsible for the state of repair of the vehicle driven by Defendant, Brent G. Hampton, on the occasion made the basis of this lawsuit and whose negligence and/or conduct caused the Plaintiff's injuries complained of herein;

Fictitious Defendants G and H, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations who negligently entrusted Defendant, Brent G. Hampton, with possession of the vehicle on the occasion described in the Complaint, causing the Plaintiff's injuries complained of herein;

Fictitious Defendants I and J, thereby intended to refer to the legal entity or entities, person or persons, firm or firms, corporation or corporations who negligently and/or wantonly caused, contributed to cause, allowed and/or failed to prevent that accident to occur on the date complained of herein, causing the Plaintiff's injuries complained of herein;

The identities of the above named Fictitious Defendants are unknown at this time but will be added by amendment when ascertained,

## COMPLAINT

1.    Plaintiff, R     M     , is a minor residing with her mother, Mary Hooten, in Pike County, Alabama.

2.    Defendant, Brent G. Hampton, is an adult residing in the State of Illinois.

3.    Defendant, Cannonball Express Transportation, L.L.C., is a corporation doing business in Pike County, Alabama.

4.    Defendant, Sagamore Insurance Company, is a corporation doing business in Pike County, Alabama.

5.    Plaintiff is without sufficient information, knowledge and belief to state the true and proper identities of the fictitious Defendants named in the style of this Complaint, but will aver same when ascertained.

6.    Plaintiff avers that on or about **June 15, 2005**, the Plaintiff, R      Ma    , was operating her vehicle on a public roadway, to wit: U.S. Highway 231 in Pike County, Alabama. At about 1115 hours on said date, Defendant, Brent G. Hampton, so negligently and/or wantonly operated his vehicle as to collide with the vehicle operated by Plaintiff, R    M    .

7.    Plaintiff further avers that at said time and date, Defendant, Cannonball Express Transportation, L.L.C., negligently entrusted the possession and operation of its vehicle to Defendant, Brent G. Hampton.

8.    Plaintiff further avers that Defendant, Brent G. Hampton, was acting in the line and scope of his employment with Defendant, Cannonball Express Transportation, L.L.C., and thus Defendant, Cannonball Express Transportation, L.L.C., is responsible for the actions of Defendant, Brent G. Hampton, under the doctrine of respondeat superior.

9.    As a direct and/or proximate consequence of the aforesaid negligence and/or wantonness of Defendant, Brent G. Hampton, and of Defendant, Cannonball Express Transportation, L.L.C., the Plaintiff, R    M     was damaged as follows:

    a. she suffered serious and painful personal injuries resulting in past and future physical pain and mental suffering, and;

    b. She has incurred medical bills and is likely to incur future medical bills in an undetermined amount, and she has incurred travel expenses for trips to and from her doctors, and;

    c. She sustained permanent impairment and permanent injury to her body from which she will suffer the rest of her life, and;

    d. She sustained a loss of enjoyment of life, and;

    e. She sustained past and future lost wages and loss of earning capacity, and;

    f. Such other damages as the Plaintiff, Ra___ M___, may have sustained which were directly and proximately caused by the collision and negligence above described.

10.    Plaintiff, R__ M___, avers that Fictitious Defendants A and B are the owners and/or operators of the vehicle which collided with the vehicle and person of Plaintiff, R__ Ma___ and whose negligence and/or wantonness caused the injuries complained of to happen to Plaintiff.

11.    Plaintiff, Ra__ M__, avers that Fictitious Defendants C and D were responsible and/or liable for the Plaintiff's damages set forth herein under the theory of respondeat superior.

12.    Plaintiff, R‌a‌ ‌ ‌M‌a‌ ‌ ‌x, avers that Fictitious Defendants E and F were responsible for the state of repair of the vehicle operated by Defendant, Brent G. Hampton, which caused the Plaintiff's damages set forth herein through negligence, wantonness, and/or breach of contract.

13.    Plaintiff, R‌a‌ ‌ ‌M‌a‌ ‌ ‌x, avers that Fictitious Defendants G and H negligently entrusted Defendant, Brent G. Hampton, with the possession and operation of the vehicle operated by Defendant, Brent G. Hampton, on the occasion described in this Complaint and are liable for the Plaintiff's damages set forth herein.

14.    Plaintiff, R‌ ‌ ‌M‌ ‌ ‌x, avers that Fictitious Defendants I and J caused, contributed to cause, and/or allowed the accident to occur on the date complained of herein, causing the Plaintiff's injuries complained of herein.

15.    The Plaintiff, R‌ ‌ ‌M‌a‌ ‌ ‌x, avers that on the date complained of herein, there was in full force and effect a policy and/or policies of insurance with Defendant, Sagamore Insurance Company, which afforded to the Plaintiff uninsured/underinsured motorist coverage, which in turn inured benefits to the Plaintiff, who avers that she was

injured in this accident and therefore by contract is entitled to receive said benefits in accordance with said contract of insurance and for which a separate claim is hereby stated.

16.  WHEREFORE, PREMISES CONSIDERED, Plaintiff, R░░░░ Ma░░░ prays the Court that she have and recover judgment against the Defendant as follows:

a.  For damages awardable to the Plaintiff, R░░░░ Ma░░░, for past and future medical expenses, for past and future travel expenses, for past and future lost wages and lost earning capacity, and past and future loss of enjoyment of life, all in an amount which will adequately compensate the Plaintiff for those damages as determined at trial, but in any event not less than the minimum jurisdictional limits of this Court, and;

b.  That proper process issue and be served upon Defendant and that the Defendant be required to appear and answer this Complaint, and;

c.  For interest and the costs of this actions, and;

d.  For a jury of 12 persons to try this cause, and;

e.  For such other and further relief as to the Court may be just and proper.

**Plaintiff Demands Trial By Struck Jury**

s/A. Patrick Ray, III

_____

**A . Patrick Ray, III (RAY 019)**

Goldberg & Associates, P.C.
505 North 20th Street
325 Financial Center
Birmingham, AL  35203
(205) 322-4700

Plaintiff's Address:

R⋯     M⋯   ⋯
117 Northridge Lane
Troy, AL  36079

Defendants' Addresses

Brent G. Hampton
8817 S. Merrill Avenue
Chicago, IL  60617

Cannonball Express Transportation, L.L.C.
Paul J. Gardner, Agent
260 Regency Parkway, Ste. 200
Omaha, Nebraska  68114

Sagamore Insurance Company
Charles Carr, Agent
6251 Monroe Street, Ste. 200
Daphne, AL  36526

*Please serve the Discovery Requests with the Summons and Complaint.*

ELECTRONICALLY FILED
6/11/2007 4:52 PM
CV-2007-900054.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

R    M    a minor, by and through,    )
her mother and next friend, MARY HOOTEN,    )
    )
        Plaintiffs,    )
    )
vs.    )Civil Action Number
    )
BRENT G. HAMPTON, an individual,    )
CANNONBALL EXPRESS    )
TRANSPORTATION, L.L.C.,    )
a corporation doing business in Alabama,    )
SAGAMORE INSURANCE COMPANY,    )
a corporation doing business in Alabama,    )
    )
        Defendants.    )

## PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT, CANNONBALL EXPRESS TRANSPORTATION, L.L.C.

COMES NOW THE PLAINTIFF and makes the following discovery requests pursuant to Rules 26 and 33 of the Alabama Rules of Civil Procedure, to be answered under oath within thirty (30) days of the date of service:

Definitions

Unless otherwise indicated, the following terms as used herein shall have the following meanings:

1.    "Document" or "documents" means any written or graphic material, including, but not limited to, accounts, affidavits, agreements, books, books of accounts, checks, contracts, correspondence, deeds, diaries,

drafts, drawings, interviews, investigations, leases, letters, manuscripts, maps, memoranda, microfilm, microfiche, minutes, notes, papers, patents, photographs, receipts, recordings, records, records of telephone conversations, regulations, reports, reports of examinations, sound recordings, statutes, summaries, tapes, telegrams, telexes, transcripts, worksheets, Word or WordPerfect files, writings of any kind including drafts, originals, copies or photocopies and any information stored or carried electronically or digitally on computer equipment, compact disc, mini-disc, dvd, magnetic tape, mp3, tape recording or otherwise.

2.    "Identify"

    a.  When used in reference to an individual, means to state his or her full name, if known, his or her present or last known position, job title or business affiliation, and his or her residential address;

    b.  When used in reference to any other entity, including but not limited to, a corporation, partnership or other business association, means to state its full name, if known, its form of organization, and its present or last known address.

    c.  When used in reference to a document means to state the type of document (e.g., letter, telegram, etc.), its author, its address, its date, its subject and its present location by custodian and address. If such document was, but is no longer within your possession or

control, state what disposition was made of it, when such disposition occurred, identify whether any copies were made of it, and identify each person having knowledge of its disposition.

d. When used in reference to an event means to fully identify said event, including the time, date, place, people involved, injuries involved, and whether a citation or ticket was issued.

3.   "Person" or "persons" means all individuals and all other entities, including but not limited to, all corporations, partnerships, joint ventures, trusts, estates, associations, companies, and public agencies, bureaus, offices or departments.

4.   "You" or "your" refers to the party answering these discovery requests and any and all persons acting on their behalf.

Discovery Requests

1.  Please identify each person you expect to call as an expert witness at the trial of this case.  Please also state:

a.  The subject matter on which they may testify;

b.  The facts and opinions to which the expert is expected to testify;

    c.  A summary of the grounds for each opinion.

2.  Please state whether the name of this defendant is correctly stated in the style of the complaint.

3.  If you are covered by a policy of insurance which might indemnify you against loss incurred due to this collision, please identify:

    a.  The name and address of the insurance company;

    b.  The nature of the policy;

    c.  The policy coverage limits.

4.  Please state whether you believe that there was any defect or failure on the part of any vehicle, vehicle equipment, road condition or any other thing which may have caused or contributed to cause this collision.

5.  Please state whether you know of any other person which may be liable or responsible for the accident in question, and if so, identify each such person.

6.  Please identify any documents, besides the traffic accident report, which you have in your possession or control which you:

    a. Intend to or might use in the trial of this action.

    b. Think may have relevance or bearing on this action.

    c. Identify any other insurance coverage relating to this action.

Please also provide the following things:

1. A list of all witnesses you intend to present at trial.

2. Any item of evidence you intend to present at trial.

3. Any documents relating to the incident forming the basis for this action.

4. A copy of all pages of any maintenance log for the tractor and trailer involved in the accident.

5. A paper copy of any dispatch record made to William J. Turner during the 36 hours prior to this accident.

**Please consider these discovery requests to be ongoing, and if you discover information responsive to these requests which has not been previously disclosed between the time you answer these requests and the trial of this action, please disclose said information.**

S/A. Patrick Ray, III

_____

A. Patrick Ray, III (RAY 019)
Attorney for Plaintiff
505 North 20th Street
325 Financial Center
Birmingham, AL  35203
(205) 322-4700

ELECTRONICALLY FILED
6/11/2007 4:52 PM
CV-2007-900054.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| R. \ M. a minor, by and through, her mother and next friend, MARY HOOTEN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )Civil Action Number ) |
| BRENT G. HAMPTON, an individual, CANNONBALL EXPRESS TRANSPORTATION, L.L.C., a corporation doing business in Alabama, SAGAMORE INSURANCE COMPANY, a corporation doing business in Alabama, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT, BRENT G. HAMPTON

COMES NOW THE PLAINTIFF and makes the following discovery requests pursuant to Rules 26 and 33 of the Alabama Rules of Civil Procedure, to be answered under oath within thirty (30) days of the date of service:

Definitions

Unless otherwise indicated, the following terms as used herein shall have the following meanings:

1. "Document" or "documents" means any written or graphic material, including, but not limited to, accounts, affidavits, agreements, books, books of accouns, checks, contracts, correspondence, deeds, diaries,

drafts, drawings, interviews, investigations, leases, letters, manuscripts, maps, memoranda, microfilm, microfiche, minutes, notes, papers, patents, photographs, receipts, recordings, records, records of telephone conversations, regulations, reports, reports of examinations, sound recordings, statutes, summaries, tapes, telegrams, telexes, transcripts, worksheets, Word or WordPerfect files, writings of any kind including drafts, originals, copies or photocopies and any information stored or carried electronically or digitally on computer equipment, compact disc, mini-disc, dvd, magnetic tape, mp3, tape recording or otherwise.

2.    "Identify"

   a. When used in reference to an individual, means to state his or her full name, if known, his or her present or last known position, job title or business affiliation, and his or her residential address;

   b. When used in reference to any other entity, including but not limited to, a corporation, partnership or other business association, means to state its full name, if known, its form of organization, and its present or last known address.

   c. When used in reference to a document means to state the type of document (e.g., letter, telegram, etc.), its author, its address, its date, its subject and its present location by custodian and address. If such document was, but is no longer within your possession or

control, state what disposition was made of it, when such disposition occurred, identify whether any copies were made of it, and identify each person having knowledge of its disposition.

d. When used in reference to an event means to fully identify said event, including the time, date, place, people involved, injuries involved, and whether a citation or ticket was issued.

3. "Person" or "persons" means all individuals and all other entities, including but not limited to, all corporations, partnerships, joint ventures, trusts, estates, associations, companies, and public agencies, bureaus, offices or departments.

4. "You" or "your" refers to the party answering these discovery requests and any and all persons acting on their behalf.

Discovery Requests

1. Please identify each person you expect to call as an expert witness at the trial of this case. Please also state:

a. The subject matter on which they may testify;

b. The facts and opinions to which the expert is expected to testify;

c.  A summary of the grounds for each opinion.

2.  Please describe in your own words how the incident made the basis of this
action occurred, including the facts and circumstances leading up to the
incident, stating specifically and in detail and claims or contentions you
may have regarding any cause or contributing cause of the incident.

3.  Please state whether the name of this defendant is correctly stated in the
style of the complaint.

4.  If you are covered by a policy of insurance which might indemnify you
against loss incurred due to this collision, please identify:

a.  The name and address of the insurance company;

b.  The nature of the policy;

c.  The policy coverage limits.

5.  Please state the name and address of your employer on the date of the
collision made the basis of this lawsuit.

a.  Please describe your job duties.

b.  Are you still working for that employer?

6. Please identify the owner of the vehicle you were operating at the time of the collision made the basis of this lawsuit.

7. Please state the position of the vehicle you were operating on the road when this collision occurred.

8. Please identify any intoxicating beverages you had consumed within the 24 hours prior to this collision.

9. Please identify every drug or medication you had consumed within the 24 hours prior to this collision.

10. Please state whether you believe that there was any defect or failure on the part of any vehicle, vehicle equipment, road condition or any other thing which may have caused or contributed to cause this collision.

11. Please state whether you know of any witnesses to this collision and identify them by name, with any contact information you possess.

12. Please describe any conversations you have had with any person who was at the scene of the incident.

13. Please state whether you know of any other person which may be liable or responsible for the accident in question, and if so, identify each such person.

14. Please state whether you were acting within the course and scope of any agency, employment, lease, or other contractual arrangement at the time of this collision. If you were, please describe the nature of the relationship and the name of the person with whom you had the arrangement.

15. Please identify any criminal charges, including traffic violations, you have received. For any such charge, please provide the following information:

    a. Charge

    b. County and State where charged

    c. Year of arrest or citation

16. Please identify all licenses to operate motor vehicles that you have ever held by providing the following information:

    a. State that issued the license;

    b. Classification of license, e.g., whether operator, restricted, commercial, etc.

    c. Years the license was in effect.

    d. Whether any license was ever revoked or suspended by court or state action.

17. Please identify any documents, besides the traffic accident report, which you have in your possession or control which you:

    a. Intend to or might use in the trial of this action.

    b. Think may have relevance or bearing on this action.

    c. Identify any other insurance coverage relating to this action.

Please also provide the following things:

1. A list of all witnesses you intend to present at trial.

2. Any item of evidence you intend to present at trial.

3. A true and correct copy of the declaration page of policy or policies of insurance which relate in any way to this action.

4. A copy of the DOT log from your rig for the three weeks prior to the accident complained of.

5. Any documents relating to the incident forming the basis for this action.

**Please consider these discovery requests to be ongoing, and if you discover information responsive to these requests which has not been**

previously disclosed between the time you answer these requests and the

trial of this action, please disclose said information.

_____

A. Patrick Ray, III (RAY 019)
Attorney for Plaintiff
505 North 20th Street
325 Financial Center
Birmingham, AL  35203
(205) 322-4700



ELECTRONICALLY FILED
6/11/2007 4:52 PM
CV-2007-900054.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

R.      M.      a minor, by and through,      )
her mother and next friend, MARY HOOTEN,      )
                                              )
    Plaintiffs,                           )
                                              )
vs.                                           ) Civil Action Number
                                              )
BRENT G. HAMPTON, an individual,              )
CANNONBALL EXPRESS                            )
TRANSPORTATION, L.L.C.,                       )
a corporation doing business in Alabama,      )
SAGAMORE INSURANCE COMPANY,                   )
a corporation doing business in Alabama,      )
                                              )
    Defendants.                           )

## DISCOVERY REQUESTS TO DEFENDANT, SAGAMORE INSURANCE COMPANY

      COMES NOW the Plaintiff and in accordance with the Alabama Rules of Civil Procedure, propounds to Defendant the following written Discovery Requests, to be answered separately and severally.

1.    Is this Defendant's name correctly stated in the Complaint?  If not, please state the correct name of this Defendant.

2.    Please state whether this Defendant issued a policy or policies of automobile insurance to the Plaintiff at any time during the past four (4) years.  Alternatively, please state whether this Defendant is bound under any policy covering a resident relative of any insured which may provide benefits to any Plaintiff, or if this Defendant may be bound to cover the Plaintiff under any UM/UIM policy.  If so, please state the following

    a.  The policy number.

    b.  The effective dates of the policy.

    c.  The number of vehicles covered.

    d. Whether the policy included uninsured/underinsured motorist coverage, and, if so, the coverage limits of each such coverage.

3.    Please state whether you contend that the Plaintiff(s) were contributorily negligent, assumed the risk, or otherwise proximately caused or contributed to the injuries and damages which Plaintiff(s) allege in this action.

    a. If so, please state each fact upon which you base this contention.

    b. If so, please state each state or Federal law upon which you base this contention.

4.    Please state the names, addresses, and telephone numbers of each and every witness you anticipate calling to testify at the trial of this case.

5.    If you anticipate calling any expert witness, including medical doctors, to testify at the trial of this case, please state:

    a. The identity of each expert, and

    b. The subject matter to which each expert will testify, and

    c. The substance of the facts and opinions to which each expert is expected to testify.

6.    Please state the full name, mailing address, telephone number and job title of the person who is answering these questions.

7.    Please state whether any statements or notes were taken or made as a part of the investigation, whether taken or made from conversations with the Plaintiff or with any eyewitness or with law enforcement personnel or with medical personnel.

    i. Please state the name and address of the person whose statement was taken

    ii. Please state the substance of the statement given.

    iii. Please state what person would have access to a paper transcription or copy of said statement.

s/ A. Patrick Ray, III
_____
A. Patrick Ray, III (RAY 019)
Attorney for Plaintiff

Of Counsel:
Goldberg & Associates, P.C.
505 North 20th Street
Suite 325 Financial Center
Birmingham, AL  35203
(205) 322-4700

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>55-CV-2007-900054.00 |
| --- | --- | --- |

**IN THE CIVIL COURT OF PIKE, ALABAMA**

R.   M      v. BRENT HAMPTON

**NOTICE TO**   BRENT HAMPTON, 8817 S. MERRILL AVENUE, CHICAGO IL, 60617

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY ALFRED RAY

WHOSE ADDRESS IS 505 NORTH 20TH STREET, SUITE 325, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   R  M
    pursuant to the Alabama Rules of the Civil Procedure

| 6/11/2007 4:52:55 PM | /s BRENDA PEACOCK | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s ALFRED RAY |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____       _____

Date                          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>55-CV-2007-900054.00 |
|---|---|---|

### IN THE CIVIL COURT OF PIKE, ALABAMA

R̶.    .M̶     . v. BRENT HAMPTON

**NOTICE TO**  SAGAMORE INSURANCE COMPANY, CHARLES CARR, AGENT 6251 MONROE STERR, STE.

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY ALFRED RAY

WHOSE ADDRESS IS 505 NORTH 20TH STREET, SUITE 325, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    R̶.    .M̶    .
   pursuant to the Alabama Rules of the Civil Procedure

| 6/11/2007 4:52:55 PM | /s BRENDA PEACOCK | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s ALFRED RAY |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____         _____
Date                                              Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>55-CV-2007-900054.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF PIKE, ALABAMA

R      M        v. BRENT HAMPTON

**NOTICE TO**  CANNONBALL EXPRESS TRANSPORTATION LLC, PAUL J. GARDNER, AGENT 260 REGENCY

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY ALFRED RAY

WHOSE ADDRESS IS 505 NORTH 20TH STREET, SUITE 325, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   R      M
   pursuant to the Alabama Rules of the Civil Procedure

| 6/11/2007 4:52:55 PM | /s BRENDA PEACOCK | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s ALFRED RAY

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____

Date          Server's Signature



**AlaFile E-Notice**

55-CV-2007-900054.00

Judge: ROBERT W BARR

To:  RAY A PATRICK
     patrick@callgoldberg.com

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

R؛        ۷L      **V. BRENT HAMPTON ET AL**
                  **55-CV-2007-900054.00**

The following matter was served on 6/17/2007

**D003 SAGAMORE INSURANCE COMPANY**

**CERTIFIED MAIL**

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov



CERTIFIED MAIL

7006 2760 0004 8184 E344

BRENDA MEADOWS PEACOCK
CLERK CIRCUIT/DISTRICT COURT
120 WEST CHURCH ST.
TROY, ALABAMA 36081

UNCLAIMED

Cannonball Express Transportation, LLC
c/o Paul Gardner, Agent
2600 Regency Pkwy.
Ste. 200
Omaha, NE 68114



**AlaFile E-Notice**

55-CV-2007-900054.00

Judge: ROBERT W BARR

To:  RAY A PATRICK
     patrick@callgoldberg.com

---

# NOTICE OF NO SERVICE

---

**IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA**

Rr      W.      V. BRENT HAMPTON ET AL
               55-CV-2007-900054.00

The following matter was not served on 7/10/2007

**D002 CANNONBALL EXPRESS TRANSPORT**
**UNCLAIMED CERT MAIL**

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov



BRENDA MEADOWS PEACOCK
CLERK CIRCUIT/DISTRICT COURT
120 WEST CHURCH ST.
TROY, ALABAMA 36081

CERTIFIED MAIL

7006 2760 0043 8384 2337

UNCLAIMED

Ben Hamilton
8817 S. Ellis Ave.
Chicago, IL 60001

6/30
7/5

| State of Alabama<br><br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br><br>55-CV-2007-900054.00 |
|---|---|---|

### IN THE CIVIL COURT OF PIKE, ALABAMA

R      M     v. BRENT HAMPTON

**NOTICE TO** CANNONBALL EXPRESS TRANSPORTATION LLC, PAUL J. GARDNER, AGENT 260 REGENCY

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY ALFRED RAY

WHOSE ADDRESS IS 505 NORTH 20TH STREET, SUITE 325, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

[✓] Service by certified mail of this summons is initiated upon the written request of    R    M
pursuant to the Alabama Rules of the Civil Procedure

6/12/07
~~6/11/2007~~ 4:52:55 PM                    /s BRENDA PEACOCK
Date                                         Clerk/Register                    By

---

[✓] Certified mail is hereby requested      /s ALFRED RAY

                                            Plaintiff's/Attorney's Signature

---

**RETURN ON SERVICE:**

[ ] Return receipt of certified mail received in this office on _____

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on

_____              _____
Date                         Server's Signature

**U.S. Postal Service** ™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  *Cannonball Express*
Street, Apt. No.,
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006              See Reverse for Instructions

7006 2760 0004 8184 2344

CV-2007-900054.00

v. BRENT HAMPTON ET AL

v.  D002 - CANNONBALL EXPRESS TRANSPORTATION LLC
                                    **Defendant**

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>55-CV-2007-900054.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF PIKE, ALABAMA
### RADRICA MADDOX v. BRENT HAMPTON

**NOTICE TO** SAGAMORE INSURANCE COMPANY, CHARLES CARR, AGENT 6251 MONROE STERR, STE.

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY ALFRED RAY

WHOSE ADDRESS IS 505 NORTH 20TH STREET, SUITE 325, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     R     M
pursuant to the Alabama Rules of the Civil Procedure

6/12/07
~~6/11/2007~~ 4:52:55 PM                    /s BRENDA PEACOCK
Date                                         Clerk/Register                     By

☑ Certified mail is hereby requested        /s ALFRED RAY
                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail rece[...]

☐ I certify that I personally delivered [...]

_____  in

_____

Date

**U.S. Postal Service ™**
**CERTIFIED MAIL™ RECEIP[...]**
(Domestic Mail Only; No Insurance Covera[...])

For delivery information visit our website at www[...]

**O F F I C I A L   U[...]**

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To  *Sagamore Ins. Co.*
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

7006 2760 0004 8184 2351

PS Form 3800, August 2006                    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Sagamore Insurance C[...]
c/o Charles Carr, Agen[...]
6251 Monroe St.
Ste. 200
Daphne, AL 36526
CV07-900054*

2. Article Number
(Transfer from service lab[...])     7006 2760 0004 8184 2351

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

**SERVICE RETURN COPY**

ELECTRONICALLY FILED
7/16/2007 2:18 PM
CV-2007-900054.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| R.    M.    a minor, by and ) through her mother and next friend, ) MARY HOOTEN, ) ) vs. ) ) BRENT G. HAMPTON, an individual, ) CANNONBALL EXPRESS TRANS- ) PORTATION, L.L.C., a corporation ) doing business in Alabama, SAGAMORE ) INSURANCE COMPANY, a corporation ) doing business in Alabama, ) ) **Defendants.** ) | **CASE NO: CV 07-900054** |

### ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW** the Defendant, Sagamore Insurance Company (hereinafter "Sagamore"), by and through counsel, and hereby files this its response to Plaintiff's Complaint and in response thereto states as follows:

1. Upon information and belief, Sagamore admits the averments contained in Paragraph 1 of Plaintiff's Complaint.

2. Upon information and belief, Sagamore admits the averments contained in Paragraph 2 of Plaintiff's Complaint.

3. Upon information and belief, Sagamore admits the averments contained in Paragraph 3 of Plaintiff's Complaint.

4. Sagamore admits the averments contained in Paragraph 4 of Plaintiff's Complaint.

5. This Paragraph does not require a response from Sagamore, however, to the extent it seeks to impose liability upon Sagamore, it denies the same and demands strict proof thereof.

6.    Sagamore denies the allegations contained in Paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7.    This Paragraph does not require a response from Sagamore, however, to the extent it seeks to impose liability upon Sagamore, it denies the same and demands strict proof thereof.

8.    This Paragraph does not require a response from Sagamore, however, to the extent it seeks to impose liability upon Sagamore, it denies the same and demands strict proof thereof.

9.    Sagamore denies the allegations contained in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10.    This Paragraph does not require a response from Sagamore, however, to the extent it seeks to impose liability upon Sagamore, it denies the same and demands strict proof thereof.

11.    This Paragraph does not require a response from Sagamore, however, to the extent it seeks to impose liability upon Sagamore, it denies the same and demands strict proof thereof.

12.    This Paragraph does not require a response from Sagamore, however, to the extent it seeks to impose liability upon Sagamore, it denies the same and demands strict proof thereof.

13.    This Paragraph does not require a response from Sagamore, however, to the extent it seeks to impose liability upon Sagamore, it denies the same and demands strict proof thereof.

14.    This Paragraph does not require a response from Sagamore, however, to the extent it seeks to impose liability upon Sagamore, it denies the same and demands strict proof thereof.

15.    Sagamore admits there was a policy of insurance in force, however, Sagamore denies that coverage is applicable to the accident at issues and demands strict proof thereof.

**FURTHERMORE**, Sagamore denies the Plaintiff is entitled to the damages requested in her *Ad Damnum* clause to Plaintiff's Complaint and demands strict proof thereof.

## DEFENSES

### FIRST DEFENSE

Sagamore denies the material allegations of the Complaint and demands strict proof thereof.

### SECOND DEFENSE

Sagamore reserves the right to amends its Answer to add any additional affirmative defenses

or other defenses as additional information is obtained.

Respectfully submitted this the 16th day of July, 2007.

> s/J. Lenn Ryals
> **J. LENN RYALS** (Ala. Code RYA008)
> **ATTORNEY FOR DEFENDANT,**
> **SAGAMORE INSURANCE COMPANY**
> **SLATEN & O'CONNOR, P.C.**
> 105 Tallapoosa Street
> Suite 101
> Montgomery, Alabama  36104
> Phone: (334) 396-8882
> Fax:    (334) 396-8880

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **Answer**, by placing a copy of the same in the United States Mail, postage prepaid, to the following on this the 16th day of July, 2007.

A. Patrick Ray, III, Esq.
**GOLDBERG & ASSOCIATES, P.C.**
505 North 20th Street
325 Financial Center
Birmingham, Alabama 35203

Brent G. Hampton
8817 S Merrill Avenue
Chicago, IL 60617

Cannonball Express Transportation, L.L.C.
Paul J. Gardner, Agent
260 Regency Parkway
Suite 200
Omaha, Nebraska 68114

s/J. Lenn Ryals
**OF COUNSEL**

F:\AUTOLINE\Sagamore\Hooten\Plead\Answer.wpd



**AlaFile E-Notice**

55-CV-2007-900054.00

To:  JOSEPH RYALS
     lryals@slatenlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA**

R/     M,        v. BRENT HAMPTON ET AL
**55-CV-2007-900054.00**

The following answer was FILED on 7/16/2007 2:18:02 PM

Notice Date:      7/16/2007 2:18:02 PM

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov



**AlaFile E-Notice**

55-CV-2007-900054.00

To: CANNONBALL EXPRESS TRANSPORT (PRO SE)
PAUL J. GARDNER, AGENT
260 REGENCY PARKWAY, STE.
OMAHA, NE 68114

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

R,      M      v. BRENT HAMPTON ET AL
**55-CV-2007-900054.00**

The following answer was FILED on 7/16/2007 2:18:02 PM

Notice Date:     7/16/2007 2:18:02 PM

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov



**AlaFile E-Notice**

55-CV-2007-900054.00

To: HAMPTON BRENT        (PRO SE)
8817 S. MERRILL AVENUE
CHICAGO, IL 60617

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA**

R    M     ( v. BRENT HAMPTON ET AL
**55-CV-2007-900054.00**

The following answer was FILED on 7/16/2007 2:18:02 PM

Notice Date:      7/16/2007 2:18:02 PM

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov



**AlaFile E-Notice**

55-CV-2007-900054.00

To:  SAGAMORE INSURANCE COMPANY   (PRO SE)
CHARLES CARR, AGENT
6251 MONROE STERR, STE. 2
DAPHNE, AL 36526

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

R       M,       . v. BRENT HAMPTON ET AL
55-CV-2007-900054.00

The following answer was FILED on 7/16/2007 2:18:02 PM

Notice Date:     7/16/2007 2:18:02 PM

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov



**AlaFile E-Notice**

55-CV-2007-900054.00

To:  RAY A PATRICK
     patrick@callgoldberg.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA**

R.      M.      v. BRENT HAMPTON ET AL
**55-CV-2007-900054.00**

The following answer was FILED on 7/16/2007 2:18:02 PM

Notice Date:      7/16/2007 2:18:02 PM

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

R.      M.        a minor, by and through,          )
her mother and next friend, MARY HOOTEN,            )
                                                     )
    Plaintiffs,                  )
                                                     )
vs.                                                  )  CV-07-900054
                                                     )
BRENT G. HAMPTON, an individual,                     )
CANNONBALL EXPRESS                                   )
TRANSPORTATION, L.L.C.,                              )
a corporation doing business in Alabama,             )
SAGAMORE INSURANCE COMPANY,                          )
a corporation doing business in Alabama,             )
                                                     )
    Defendants.                  )

### SUMMONS

    **Service of process by Certified Mail of this Summons and Complaint is initiated upon written request of the Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.**

### NOTICE TO:

**B**

**Can**

The Complaint
must take immediate

**U.S. Postal Service**
**CERTIFIED MAIL**
*(Domestic Mail Only; No Insurance Coverage*
For delivery information visit our website at www.u

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
*Cannonball Express*

PS Form 3800, August 2006          See Reverse for Instructions

7006 2760 0001 3848 8598

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

SENDER: COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                □ Agent  □ Addressee

B. Received by ( Printed Name )    C. Date of Delivery  8/3/07

1. Article Addressed to:

Bruce D. Meyers, Agent for Service
Cannonball Express Transportation, LLC
10064 South 134th Street
Omaha, NE 68138

CV07-900054

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:      □ No

3. Service Type
   □ Certified Mail   □ Express Mail
   □ Registered       ☒ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)    7006 2760 0001 3848 8598

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1



**AlaFile E-Notice**

55-CV-2007-900054.00

Judge: ROBERT W BARR

To:  RAY A PATRICK
     patrick@callgoldberg.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

R        M.       V. BRENT HAMPTON ET AL
              55-CV-2007-900054.00

The following matter was served on 8/3/2007

D002 CANNONBALL EXPRESS TRANSPORT
CERTIFIED MAIL

**BRENDA PEACOCK**
**CIRCUIT COURT CLERK**
PIKE COUNTY, ALABAMA
120 WEST CHURCH STREET
TROY, AL 36340

334-566-4622
brenda.peacock@alacourt.gov

# EXHIBIT 3

IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

R,  _  . M.      . a minor, by and          )
through, her mother and next friend,        )
MARY HOOTEN,                                )
                                            )
      Plaintiffs,                           )
                                            )
v.                                          )    Civil Action No. _____
                                            )
BRENT G. HAMPTON, an individual,            )    Removed from the Pike County
CANNONBALL EXPRESS                          )    Circuit Court - CV 2007-900054
TRANSPORTATION, L.L.C.,                     )
a corporation doing business in             )
Alabama, SAGAMORE INSURANCE                 )
COMPANY, a corporation doing                )
business in Alabama,                        )
                                            )
      Defendants.                           )

## AFFIDAVIT OF BRUCE MEYERS

Personally appeared before me, the undersigned authority, a Notary Public in and for said County and State, Bruce Meyers, who being by me, first duly sworn, did depose and say on oath as follows:

1.      My name is Bruce Meyers.  I am over the age of nineteen (19) years and have personal knowledge of the facts contained within this affidavit.

2.      I am a resident of Omaha, Nebraska.  I am the President of Cannonball Express Transportation, L.L.C.

3.      Cannonball Express, L.L.C., is a limited liability company organized and existing under the laws of the State of Nebraska and with its principal place of business in Omaha, Nebraska.

Further affiant sayeth not.

Bruce Meyers

STATE OF NEBRASKA          )

COUNTY OF Douglas          )

Sworn to and subscribed before me this the _13th_ day of August, 2007

Notary Public

March 2 2011

My Commission Expires

GENERAL NOTARY - State of Nebraska
HELEN M. THURMAN
My Comm. Exp. March 2, 2011

# EXHIBIT 4



*access*Indiana

**Current Information**

*Name Searched On:*
SAGAMORE (Legal)

*Entity Legal Name:*
SAGAMORE INSURANCE COMPANY

*Entity Address:*
1099 North Meridian St., INDIANAPOLIS, IN 46204

*General Entity Information:*

*Control Number:* **198112-431**
*Status:* **Active**
*Entity Type:* **For-Profit Domestic Corporation**

*Entity Creation Date:* **12/15/1981**
*Entity Date to Expire:*
*Entity Inactive Date:*

This entity is current with Business Entity Report(s).

There are no other names on file for this Entity.

*Additional Services Available:*

View additional information for the entity, including transaction
history, merger information, registered agent, principals and
corporate report information (years paid and years due).
There is a fee of $1.00 for *access*Indiana subscribers and a fee of

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000234
Cashier ID: khaynes
Transaction Date: 08/27/2007
Payer Name: CARR ALLISON PUGH ET AL
------------------------------------
CIVIL FILING FEE
  For: CARR ALLISON PUGH ET AL
  Case/Party: D-ALM-2-07-CV-000763-001
  Amount:       $350.00
------------------------------------
CHECK
  Check/Money Order Num: 70640
  Amt Tendered:  $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00

R.M. V BRENT G. HAMPTON ET AL