RECEIVED
AUG 2 7 2007
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RECEIVED
2007 AUG 28 A 10:27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

R. M., a minor, by and )
through, her mother and next friend, )
MARY HOOTEN, )
)
Plaintiffs, )
)
v. ) Civil Action No. 2:07-CV-763-MRT
)
BRENT G. HAMPTON, an individual, ) (Removed from the Circuit Court of
CANNONBALL EXPRESS ) Pike County, Alabama, Civil Action
TRANSPORTATION, L.L.C., ) No. 07-900054)
a corporation doing business in )
Alabama, SAGAMORE INSURANCE )
COMPANY, a corporation doing )
business in Alabama, )
)
Defendants. )

## ANSWER OF DEFENDANTS CANNONBALL EXPRESS AND HAMPTON

COME NOW Defendants Cannonball Express Transportation, L.L.C. (hereinafter "Cannonball Express"), and Brent Hampton (hereinafter "Hampton") and in answer to the Plaintiffs' complaint, state as follows:

### A. SPECIFIC ALLEGATIONS

1. Admitted.

2. Admitted.

3. Defendant Cannonball Express is a Nebraska Corporation. It does not regularly do business in Pike County, Alabama, though its trucks do occasionally drive through that venue. As a result, this allegation in the Plaintiff's Complaint is denied as stated.

4. Defendants Cannonball Express and Hampton are without sufficient information to admit or deny the allegations in this paragraph. As such, those allegations are denied and the

Defendants demand proof thereof.

5. No response is required to this paragraph.

6. Defendants Cannonball Express and Hampton deny the material allegations in this paragraph and demand proof thereof.

7. Defendants Cannonball Express and Hampton deny the material allegations in this paragraph and demand proof thereof.

8. Defendants Cannonball Express and Hampton deny the material allegations in this paragraph and demand proof thereof.

9. Defendants Cannonball Express and Hampton deny the material allegations in this paragraph, including all subparagraphs thereto, and demand proof thereof.

10. No response is required to this paragraph.

11. No response is required to this paragraph.

12. No response is required to this paragraph.

13. No response is required to this paragraph.

14. No response is required to this paragraph.

15. Defendants Cannonball Express and Hampton are without sufficient information to admit or deny the allegations in this paragraph. As such, said allegations are denied.

16. Defendants Cannonball Express and Hampton further deny that the Plaintiff is entitled to any of the relief requested in paragraph 16 of her Complaint.

## B. AFFIRMATIVE DEFENSES

Defendants Cannonball Express and Hampton in addition to the defenses stated in response to the specific paragraphs above, further plead the following affirmative defenses:

### FIRST DEFENSE

The Defendant Cannonball Express and Hampton deny the material allegations in the complaint and demand strict proof thereof.

## SECOND DEFENSE

Defendants Cannonball Express and Hampton plead the general issue.

## THIRD DEFENSE

The Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

## FIFTH DEFENSE

Defendants Cannonball Express and Hampton plead the contributory negligence of the Plaintiffs.

## SIXTH DEFENSE

Any damages suffered by the Plaintiffs were proximately caused by the tortious acts or omissions of a third party over whom one or both Defendants Cannonball Express and/or Hampton have or had no control.

## SEVENTH DEFENSE

Defendants Cannonball Express and Hampton plead the failure of the Plaintiffs to mitigate their damages.

## EIGHTH DEFENSE

Defendants Cannonball Express and Hampton plead the applicable statute of limitations.

## NINTH DEFENSE

Some or all of the Plaintiffs' claims are partially or completely barred because R█████ M█████ voluntarily assumed a known risk.

## TENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendants Cannonball Express and Hampton under the United States Constitution.

## ELEVENTH DEFENSE

The Plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates the Defendant Cannonball Express and Hampton's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and under the Alabama Constitution, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## TWELFTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the procedural safeguards provided to the Defendants under the Sixth Amendment to the United States Constitution, in that punitive damages are penal in nature and consequently, Defendant Cannonball Express is entitled to the same procedural safeguards afforded to criminal defendants.

## THIRTEENTH DEFENSE

It is violative of the Self Incrimination Clause of the Fifth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution to impose upon the Defendants punitive damages, which are penal in nature, yet compel Defendant Cannonball Express to disclose potentially incriminating documents and evidence.

## FOURTEENTH DEFENSE

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose punitive damages against Defendants Cannonball Express and Hampton which are penal in nature, by requiring a burden of proof by the Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## FIFTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be an "excessive fine" in violation of the Eighth Amendment of the United States Constitution and Article I, section 15

of the Constitution of the State of Alabama.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage award has a substantial chilling effect on the exercise of fundamental rights of ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under state and federal constitutional provisions by: (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-tortfeasors; (5) by failing to provide sufficiently clear, objective and specific standards for appellate review of awards for punitive damages; (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards; and (7) by placing criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in treatment of similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages against similarly situated defendants.

## SEVENTEENTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which states that said damages shall not

exceed three times the compensatory damages or $1,500,000, whichever is greater.

### EIGHTEENTH DEFENSE

Defendants Cannonball Express and Hampton plead improper venue.

_____
Brett A. Ross (ASB-6771-076B)

_____
Chadwick S. Godwin (ASB-1054-A56G)

Attorneys for Defendants

**OF COUNSEL:**

**CARR, ALLISON, PUGH, HOWARD,
OLIVER & SISSON, P.C.**
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-2057 ( Facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following via U.S. mail, postage prepaid and properly addressed on this the 24th day of August, 2007.

A. Patrick Ray, III
Goldberg & Associates, P.C.
505 North 20th Street
325 Financial Center
Birmingham, Alabama 35203

J. Lenn Ryals
Slaten & O'Connor, P.C.
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104

_____
OF COUNSEL